(Hamilton County Court of Common Pleas.

MATILDA E. EATON v. NANCY GREER, et al. ;

Where a second mortgagee brings suit in foreclosure, and the first mortgagee merely sets up his claim, and the property sells for less than the first mortgage, the second mortgagee must pay the costs unless tender was first made to the first mortgagee of the amount of his claim; but if the first mortgagee also takes steps for a foreclosure, the costs will be equally divided. Decided March, 1896.

---

r SAYLOR, J.

The plaintiff—a second mortgagee—filed her petition against Nancy Greer, the mortgagor, to foreclose her mortgage, and made the Baymiller Street Building & Loan Company, the first mortgagee, a party. The defendants were duly served with summons, and a decree of foreclosure of the mortgage of the plaintiff was duly taken. After the decree was taken, and on the day before the sale of the property, the building association filed its answer and cross-petition setting up its mortgage as the first and best lien, and, asking for foreclosure, an account and sale of the premises.

The property sold for less than the amount of the lien of the building association.

The building association now asks that the plaintiff be required to pay the costs of the foreclosure.

In the case of Concklin v. Coddington, 12 N. J. Eq., 250, the chancellor says (Ib. 251): "The practice of this court has always been, when a bill is filed by a second mortgagee making a first mortgagee a party to the suit. to decree the taxed costs of the first mortgagee not only to be paid, but to be first paid out of the money raised by a sale of the mortgaged premises. The second mortgagee, if he wishes to have such costs, must tender the first mortgagee the money due upon his mortgage, as was said in Gammon v. Stone, 1 Ves., Sr., 339, before referred to."

Under this rule, if the property sells for more than the first mortgage, but less than the first and second mortgages, and the costs are paid first out of the proceeds of sale, and then the amount of the first mortgage paid, and then the balance paid to the second mortgagee, clearly the second mortgagee bears the costs; they reduce the amount he would get. But if the second mortgagee had tendered to the first mortgagee the money due on his mortgage, and he had refused it then the costs would be taken, not out of the proceeds generally, but out of the proceeds distributable to the first mortgagee.

Now if the property should sell for less than the amount of the first mortgage, and if the costs are first paid out of the money raised by the sale, to that extent the amount paid out of such proceeds to the first mortgagee would be reduced, and he would thereby be made to bear the costs.

Clearly, if there is any principle in the rule laid down in Concklin v. Coddington supra, it can not be made to work out different results as the proceeds of sale shall be a little over or a little under the amount of the claim of the first mortgagee.

If in the one case the second mortgagee must bear the costs, he should bear them in the other case, and it would seem, therefore, that in the case of the proceeds being less than the first mortgage, the second mortgagee may be held to pay the costs, unless he has protected himself from costs by tender.

This doctrine seems to be sustained in Jones on Mortgages, Section 1708. That author says: "Of course it may happen that. a subsequent mortgagee, after having incurred costs of suit and of sale, may lose these as well as his demand also, as when the proceeds of sale are only sufficient to pay the debt and costs due to the first mortgagee, but this was the risk assumed by taking the subsequent incumbrance." Citing among other cases Lithauer v. Royle. 17 N. J. Ch., 40; Boyd v. Dodge et al, 10 Paige's Ch. 42.

But whether this rule shall be strictly followed depends, as I think, on the proceed-

ings in the particular case. Cranston v. Johnston, 3 Ves. J, note 6, p. 184.

In this case the building association took no steps till the day before the sale, when it filed a cross-petition praying for a fore-closure, etc., It is true, being a defendant served with summons, it was necessary for it to set up its claim; but it was not necessary to take steps in the way of foreclosure and sale of the property, and by doing so, it seems to me, it ratified the proceedings already taken, in which costs had been incurred, and that subsequent costs were made at the instance of the cross-petitioner as well as the plaintiff, and that therefore the cross-petitioner should bear a portion of the costs.

As it is hardly possible to apportion the costs exacty, I think justice will be done by requiring each party to pay one-half.

The costs will be first paid out of the proceeds of the sale, and as that will be taking the whole amount out of the fund distributable to the first mortgagee, an order will be made requiring the plaintiff to pay the first mortgagee the one-half of the amount so paid as costs. 10 Paiges' Ch., 42.

Davidson & Conway for the first mortgage; E. W. Cist. for the second mortgage.